UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA DALLAS, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:14-CV-1377 (CEJ) |
| PLATINUM HEALTH CARE, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a response, and the issues are fully briefed.

### **I.  Background**

Plaintiff filed the instant action against defendant in the Circuit Court of Jefferson City, Missouri, alleging wrongful discharge based on disability discrimination under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.055. Prior to the commencement of this action, plaintiff filed charges of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). She subsequently received notices of her right to sue from both agencies.

Plaintiff's right to sue notice from the MCHR was dated March 31, 2014. Under the Missouri Human Rights Act (MHRA), a plaintiff has 90 days from the issuance of such notice to file suit. Mo. Rev. Stat. § 213.111(1). Because 90 days from March 31st was June 29, 2014, a Sunday, plaintiff's deadline to file suit was Monday, June 30, 2014. See Fed. R. Civ. P. 6(a)(1)(C). On June 30th, plaintiff

1

filed her petition in state court electronically, along with her MCHR and EEOC right to sue letters, civil information sheet, and filing fee. However, on July 1, 2014, the lawsuit and filing fee were rejected and returned electronically to plaintiff because the filing contained missing or incorrect identification information for the defendant. Plaintiff promptly submitted a corrected filing. On July 2, 2014, the petition was again returned to plaintiff because a new filing fee was missing for the resubmission. Plaintiff promptly submitted the fee, and the petition was formally accepted by the court on July 2, 2014.

## II. Discussion

Defendant argues that because the recorded filing date of plaintiff's petition was July 2, 2014, two days after the deadline for filing suit under the MHRA, the complaint was untimely and should be dismissed. Plaintiff contends that the statute of limitations should be equitably tolled and her complaint deemed timely filed. Statutes of limitations are subject to equitable tolling, a doctrine that "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from bringing a timely action." Lozano v. Montoya Alvarez, 134 S. Ct. 1224, 1231-32 (U.S. 2014). Two elements, thus, must be met for equitable tolling to apply: (1) the plaintiff has pursued her rights diligently, and (2) some extraordinary circumstance stood in her way. Firstcom, Inc. v. Qwest Corp., 555 F.3d 669, 675 (8th Cir. 2009).

As a general rule, the extraordinary circumstance must be beyond the control of the plaintiff. Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998). One such instance is when "the court has led the plaintiff to believe that he or she has done everything required of him or her." Id. Here, plaintiff attempted

to electronically file her petition in state court on June 30th, the date of the deadline. She was notified by an autogenerated response that she would "receive notice from the court when the filing is either accepted, on hold or rejected with the reason for the hold or rejection." E-mail from Missouri Courts eFiling System to Marty Perron, Counsel for Pamela Dallas (June 30, 2014, 03:58 P.M. CST) [Doc. #9-1]. The filing was not returned to plaintiff until July 1, 2014. As such, plaintiff did not receive notice that her suit would be rejected until after the deadline. She had no basis to correct the original, timely filed petition before the deadline had passed. The additional one-day delay was caused by the failure of plaintiff's counsel to realize that the filing fee was automatically returned when the petition was rejected. This constitutes a technical circumstance beyond the control of plaintiff, despite her diligent attempts to timely file suit. Therefore, equitable tolling of the 90-day statute of limitations is appropriate, and plaintiff's suit is deemed timely filed.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #7] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2014.